UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM TO VERIZON WIRELESS | Case No.: 8:19-cv-01744-TDC<br>8:19-cv-01799-TDC<br>8:19-cv-10806-TDC<br>8:19-cv-01808-TDC<br><br>Hon. Charles B. Day |

**REPLY MEMORANDUM IN SUPPORT OF
MOTIONS TO QUASH SUBPOENA ISSUED TO VERIZON WIRELESS**

Petitioners, Prince George's County ("County"), Kathleen Mills, Christopher Murtha, and Henry Stawinski, by their undersigned counsel, submit this Reply in support of their Motions to Quash.

## BACKGROUND

On or about May 13, 2019, Respondents[1] served Verizon Wireless ("Verizon") with a subpoena ("Subpoena") seeking *all* phone records and text messages, from January 1, 2016 to present, for *all* 11 telephone numbers identified below.

| Phone Number | Officer Name | Personal/PGPD/FOP Device |
|---|---|---|
| XXX-XXX-8314 | Henry Stawinski | PGPD-owned |
| XXX-XXX-2790 | Hector Velez | PGPD-owned |
| XXX-XXX-5774 | Christopher Murtha | PGPD-owned |
| XXX-XXX-4484 | Melvin Powell | PGPD-owned |
| XXX-XXX-1297 | William Alexander | Personally-owned |
| XXX-XXX-7421 | Todd Lightner | PGPD-owned |
| XXX-XXX-4477 | Kathleen Mills | PGPD-owned |
| XXX-XXX-5058 | Mistinette Mints | Personally-owned |
| XXX-XXX-6263 | John Teletchea | FOP-owned |
| XXX-XXX-4481 | Joseph Ghattas | PGPD-owned |
| XXX-XXX-9139 | Angelo Consoli | FOP-owned |

---

[1] Respondents are the Plaintiffs in an employment discrimination lawsuit captioned *Hispanic National Law Enforcement Association NCR, et al., v. Prince George's County Maryland, et al.*, (D. Md. Case No. 18-cv-03821 TDC) (the "Underlying Action").

On June 10, Petitioners filed Motions to Quash.[2] Petitioners demonstrated in their Motions that the Subpoena's request for over three years of phone records and text messages (January 2016 through May 2016) was grossly overbroad and would be an unnecessary invasion of privacy.

In an attempt to rectify the sweeping overbreadth of the Subpoena, on July 16, Respondents wrote a letter to Verizon withdrawing their request for text messages. The July 16 letter, however, did not resolve the Subpoena's privacy concerns or overbreadth issues. Also on July 16, Respondents filed an untimely "Response to the Motions to Quash Subpoena Issued to Verizon Wireless" ("Opposition").

As an initial matter, this court should disregard the untimely Opposition. Under both the Local Rules for both this Court and the District of Columbia, Respondents had 14 days, or until June 27, to file their Opposition. Respondents did not file their Opposition until July 16 and failed to provide any explanation or justification for their untimeliness.

Should the Court choose to address the merits of Respondents' untimely arguments, those arguments fail because: (a) a substantial amount of irrelevant, personal information would be disclosed in response to the Subpoena; (b) the Subpoena's three-year blanket timeframe for all phone phones remains grossly overbroad; and (c) the phone records are not proportional to the needs of the case, because they have (at best) *de minimis* value. Accordingly, this Court should Quash the Subpoena.

---

[2] There are currently ten pending Motions to Quash related to the Subpoena, the case numbers for which are as follows: Henry Stawinski (8:19-cv-01806-TDC); Hector Velez (8:19-cv-02122-TDC); Christopher Murtha (8:19-cv-01808-TDC); Melvin Powell (8:19-cv-02123-TDC); William Alexander (8:19-cv-02119-TDC); Todd Lightner (8:19-cv-02121-TDC); Kathleen Mills (8:19-cv-01744-TDC), Mistinette Mints (8:19-cv-02118-TDC); Joseph Ghattas (8:19-cv-02120-TDC); and the County (8:19-cv-01799-TDC).

**ARGUMENT**

I. **Petitioners' Concerns about Confidentiality and the Invasion of Personal Privacy are not Moot.**

Respondents incorrectly claim that the Motions to Quash are now "moot" because phone records alone do not contain privileged, confidential, or personal information. (Opp. at 2). Call logs, however, can reveal a great deal of irrelevant, personal information about a person. For example, because typical phone records contain the date, time, duration, and phone number associated with all inbound and outbound calls, Respondents can use basic internet searching to determine Petitioners' attorneys, doctors, houses of worship, businesses they've solicited or that have solicited them, names of friends and family, etc. All of this private information is irrelevant to the Underlying Action.

II. **The Subpoena Remains Grossly Overbroad.**

The Subpoena's three-year time frame for all phone records remains grossly overbroad. In their Opposition, Respondents assert that "the [S]ubpeona targets specific individuals whose communications have particular relevance to Plaintiffs' claims," yet they fail to explain why *three years* of phone records are relevant. (Opp. at 2.) Moreover, while some of the phone users may be relevant to Respondents' claims in a general sense, that does not mean that *all* of their telephone records for *more than three years* reflecting *all* official police business and *all* personal phone calls are relevant to this litigation.

For example, Respondents claim that Chief Stawinski's phone records are relevant because he was allegedly involved in two retaliatory transfer decisions. (Opp. at 3). Alleging the existence of two isolated events does not justify a blanket request for three years of phone records. Chief Stawinski oversees the entire police department. He has frequent telephone calls about all matters of department business that have nothing to do with this case. These telephone

records would have no relevance to the claims and defenses alleged in the underlying action. See Fed. R. Civ. Pro. 26(b)(1). The 2000 Amendments Advisory Committee Notes states that, "the parties [] have *no entitlement to discovery to develop new claims* or defenses that are not already identified in the pleadings."[3] (Emphasis added).

**III.     Producing Over Three Years of Phone Records is not Proportional to the Needs of the Case**.

Discovery must be proportional to the needs of the case. Proportionality includes a consideration of "the *importance* of the discovery in resolving the issues." Fed. R. Civ. Pro. 26(b)(1). Here, call logs will have little to no impact in resolving the issues in this action.

Respondents make several arguments about how the call logs will be important (*i.e.*, their need for them), but none of their arguments are persuasive. For example:

- Respondents claim to need the call logs to prove a conspiracy between Chief Stawinski and Major Kathleen Mills for interfering with Michael Brown's future employment prospects. (Opp. at 3.) The phone records call logs will have little to no utility in trying to prove an alleged conspiracy. The telephone records do not reflect, contain, or reference the substance or contents of any telephone calls. This is important because Chief Stawinski and Major Mills had frequent telephone calls during the Subpoena's requested time period concerning police business having nothing to do with the underlying employment discrimination case. When Ms. Mills was the Commander of the Internal Affairs Division, she was in contact with Chief Stawinski multiple times a week for official police business. Ms. Mills reported directly to Chief Stawinski on days when her immediate superior Hector Velez was either not

---

[3]     The Subpoena also remains grossly overbroad because it seeks information from two individuals (Ghattas and Lightner) who are not mentioned even once in the Amended Compliant. Discovery should be limited to the pleaded claims and defenses in this action.

available, or when Mr. Velez directed her to inform Chief Stawinski directly.  See Affidavit of K. Mills attached hereto as **Ex. A**., at ¶¶ 3-5.  Call logs will do nothing to further Respondents' conspiracy theory.

- Respondents claim that they need non-party Christopher Murtha's phone records to show that when he was undergoing an IAD investigation, he had "inappropriate contact" with his internal affairs investigators.  (Opp. at 4).  Call logs will not show whether any communications were "inappropriate."  Moreover, subjects of IAD investigations are under Do Not Discuss Orders that specifically direct the person not to speak to anyone about the investigation *except* their internal affairs investigator(s).  See Template Do Not Discuss Order for IAD files, attached hereto as **Exhibit B**.

- Respondents allege that Mr. Ghattas worked with Ms. Mills in IAD and that "call records will identify and confirm communications between Ghattas and others—including Mills—regarding the improper destruction of IAD files." (Opp. at 4)  Again, call logs will prove no such thing, because the logs do not reflect the substance of telephone conversations and, as Respondents allege, Mr. Ghattas worked in IAD with Ms. Mills.  Mr. Ghattas reported to Ms. Mills.  There were daily phone calls between them relating to official police business having nothing to do with the allegations made in the underlying action.  **Ex. A**., Affidavit of K. Mills at ¶ 6.

In short, the Subpoena seeks to improperly invade the personal privacy of numerous individuals by requesting a grossly overbroad three-year period of telephone records, records which will include both personal affairs and police business having nothing to do with this litigation.  To the extent Respondent have identified some marginal relevance of call records

associated with isolated events or transactions for certain of the phones, those few records have little to no importance or utility in proving the claims or defenses alleged in this action.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Petitioners respectfully request that the Court quash the Subpoena or, in the alternative, enter a protective order preventing disclosure of the phone records.

Dated: July 30, 2019     Respectfully submitted,

        */s/ Christine C. Carey*
        Christine C. Carey

        Christine C. Carey, Bar No. 29428
        Venable LLP
        201 W. Pennsylvania Avenue, Suite 500
        Towson, MD 21204
        Tel: (410) 494-6384
        Fax: (410) 821-0147
        cccarey@Venable.com

        Vincent Verrocchio, Bar No. 460429
        Venable LLP
        600 Massachusetts Ave., N.W.
        Washington, D.C. 20001
        Tel.: (202) 344-4000
        Fax: (202) 344-8300
        VEVerrocchio@Venable.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of July 2019, a copy of the foregoing Reply Memorandum in Support of the Motions to Quash Subpoena Issued to Verizon Wireless was served via the Court's CM/ECF system on all counsel of record.

                                                                                            */s/ Christine C. Carey*
                                                                                            Christine C. Carey

47248308/5